IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRAD D. HICE                                                                 PLAINTIFF

v.                          Civil No. 4:17-cv-04028

INVESTIGATOR BRANDON
KERREMORE, Ashdown Police
Department; SHERIFF BOBBY
WALRAVEN, Little River County;
And GINA BUTLER, Jail Administrator,
Little River County Jail                                     DEFENDANTS

**ORDER**

Before the Court is Plaintiff Brad D. Hice's Motion to Reopen Case.[1] (ECF No. 35). Defendants have not responded. The Court finds this matter ripe for consideration. Plaintiff asks the Court to reopen this case because "…Plaintiff has had a hard time litigating this case. Plaintiffs knowledge on the law is very limited Plaintiff seeks to have case reopen, with new deadlines set…" (ECF No. 35).

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on May 3, 2017. (ECF No. 1). On August 24, 2017, the Court entered an Initial Scheduling Order (ECF No. 13) setting forth various deadlines including the following: 1) November 22, 2017 – deadline to amend pleadings; 2) December 22, 2017 – deadline to complete discovery; and 3) January 22, 2018 – deadline for Defendants to file a motion for summary judgment. In accordance with the Initial Scheduling Order, Defendants filed a motion for summary Judgment on January 22, 2018. (ECF No. 21). The next day, the Court entered an order directing Plaintiff to file a response to Defendants' motion on or before February 13, 2018. (ECF No. 24). Plaintiff was advised in this order that failure to file

---

[1] Plaintiff titled the motion as a "Motion to Appeal". (ECF No. 35). However, it is clear that Plaintiff is actually requesting that the case be reopened.

a response by the Court imposed deadline would subject this case to dismissal. Plaintiff did not file a response.

On January 25, 2018, Plaintiff filed a Motion to Amend his Complaint (ECF No. 25) and a Motion for Extension of Time to Complete Discovery. (ECF No. 26). On January 26, 2018, the Court denied Plaintiff's motions as untimely and found that Defendants would be unduly prejudiced if the Court were to allow Plaintiff to amend his Complaint and extend the time for discovery after Defendants filed a motion for summary judgment. (ECF No. 27). On February 14, 2018, Plaintiff filed a second Motion to Amend Complaint (ECF No. 28), a Motion to Appoint Counsel (ECF No. 29), and a second Motion for Extension of Time to Complete Discovery. (ECF No. 31). The Court denied Plaintiff's motions. (ECF No. 33). However, the Court gave Plaintiff until March 2, 2018, to file a response to Defendants' motion for summary judgment. Plaintiff did not file a response.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the

2

district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Because Plaintiff failed to obey three of the Court's orders the case was dismissed without prejudice on March 21, 2018. (ECF No. 34). Consequently, Plaintiff is free to file another § 1983 lawsuit raising his claims. Accordingly, Plaintiff's Motion to Reopen Case (ECF No. 35) is **DENIED.**

**IT IS SO ORDERED this 1st day of May 2018.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE